UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER, | Case No. 21-cv-03100-JCS |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS AND STRIKE** |
| SURF AND TURF, LLC, | Re: Dkt. No. 15 |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff Brian Whitaker brings this case under the federal Americans with Disabilities Act (the "ADA") and California's Unruh Civil Rights Act, asserting that Defendant Surf and Turf, LLC ("Surf & Turf") failed to provide wheelchair-accessible facilities. Surf & Turf moves to dismiss Whitaker's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in the alternative, asks the Court to decline to exercise supplemental jurisdiction over his Unruh Act claim and dismiss it under Rule 12(b)(1) or to strike that claim under Rule 12(f) for failure to comply with California's procedural requirements for high-frequency litigants. The Court finds the matter suitable for resolution without oral argument and VACATES the hearing previously set for August 6, 2021. For the reasons discussed below, Surf & Turf's motion is DENIED.[1]

## II.    BACKGROUND

Because a plaintiff's allegations are generally taken as true on a motion to dismiss under Rule 12(b)(6), this order summarizes Whitaker's allegations as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case.

---

[1] The parties have consented to a magistrate judge presiding over the case for all purposes under 28 U.S.C. § 636(c).

United States District Court
Northern District of California

Whitaker is a quadriplegic who suffers from a spinal cord injury and uses a wheelchair for mobility.  Compl. (dkt. 1) ¶ 1.  Surf & Turf owns a seafood restaurant in San Francisco.  *Id.* ¶ 3.  Whitaker visited the restaurant "in March of 2021 with the intention to avail himself of its goods or services motivated in part to determine if [Surf & Turf] compl[ies] with the disability access laws."  *Id.* ¶ 8.  He describes the barriers he encountered as follows:

> 10. Unfortunately, on the date of the plaintiff's visit, the defendants [sic] failed to provide wheelchair accessible dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.
>
> 11. The Restaurant provides dining surfaces to its customers but fails to provide any wheelchair accessible dining surfaces.
>
> 12. A problem that plaintiff encountered was the lack of sufficient knee or toe clearance under the outside dining surfaces for wheelchair users.
>
> 13. Plaintiff believes that there are other features of the dining surfaces that likely fail to comply with the ADA Standards and seeks to have fully compliant dining surfaces for wheelchair users.
>
> 14. On information and belief, the defendants currently fail to provide wheelchair accessible dining surfaces.

*Id.* ¶¶ 10–14.  Whitaker intends to return to the restaurant as a customer if it complies with applicable disability access laws, but is currently deterred from doing so based on the barriers he encountered "and his uncertainty about the existence of yet other barriers on the site."  *Id.* ¶ 20.

Whitaker asserts a claim for injunctive relief under the ADA and a claim for injunctive relief and statutory damages under the Unruh Act, which incorporates the requirements of the ADA.  *See id.* ¶¶ 22–32.  He makes clear in his prayer for relief that he is not asserting a claim under the California Disabled Persons Act.  *See id.* at 7.

Surf & Turf moves to dismiss both of Whitaker's claims under Rule 12(b)(6) for failure to include sufficient factual allegations to meet the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), arguing that the Court should disregard his reference to insufficient knee and toe clearance as vague and conclusory.  Mot. (dkt. 15) at 2–4.  Whitaker contends that allegation is sufficient to put Surf & Turf on notice of a particular barrier he encountered.  Opp'n (dkt. 16) at 1–2.

1    In the alternative, Surf & Turf asks the Court to decline to exercise supplemental

2    jurisdiction over Whitaker's Unruh Act claim, arguing that it predominates over his ADA claim

3    because he is primarily motivated by the statutory damages available only under that state law

4    claim, and that exceptional circumstances warrant declining jurisdiction because Whitaker has

5    chosen a federal forum in order to evade heightened procedural and pleading requirements that

6    apply to frequent disability access plaintiffs in the California state courts.  Mot. at 4–9.  Whitaker

7    argues that he is entitled to a federal forum for his ADA claim and there is no basis to decline

8    jurisdiction over his parallel claim under the Unruh Act, which specifically incorporates violations

9    of the ADA and thus turns on the same facts, and contends that California's procedural

10   requirements are inapplicable in federal court and irrelevant to the inquiry of whether to exercise

11   supplemental jurisdiction.  Opp'n at 2–11.  Surf & Turf also briefly argues that the Court should

12   strike Whitaker's Unruh Act claim because it would be subject to a motion to strike in state court,

13   Mot. at 9–10, an issue not addressed further in Whitaker's opposition brief or in Surf & Turf's

14   reply.

15   **III.    ANALYSIS**

16        **A.    Motion to Dismiss Under Rule 12(b)(6)**

17             **1.    Legal Standard**

18        A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure

19   for failure to state a claim on which relief can be granted.  "The purpose of a motion to dismiss

20   under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp.*

21   *Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a plaintiff's burden at the pleading stage

22   is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which

23   sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing

24   that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

25        In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and

26   takes "all allegations of material fact as true and construe[s] them in the light most favorable to the

27   non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

28   Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that

1  would support a valid theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

2  1990).  A complaint must "contain either direct or inferential allegations respecting all the material

3  elements necessary to sustain recovery under some viable legal theory."  *Bell Atl. Corp. v.*

4  *Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

5  1106 (7th Cir. 1984)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

6  of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

7  (quoting *Twombly*, 550 U.S. at 555).  "[C]ourts 'are not bound to accept as true a legal conclusion

8  couched as a factual allegation.'"  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S.

9  265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

10  'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)

11  (alteration in original).  Rather, the claim must be "'plausible on its face,'" meaning that the

12  plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable

13  inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S.

14  at 570).

## 2.    Whitaker Presents Sufficient Factual Allegations

16        In the Ninth Circuit case on which Surf & Turf primarily relies, the court described the

17  deficiencies of the complaint as follows:

18        The complaint alleges that Tesla "failed to provide accessible service
         counters," that Whitaker "personally encountered" the inaccessible
19        service counters, and that he was denied "full and equal access."
         These allegations do little more than recite the elements of an ADA
20        claim, and fall short of putting Tesla on notice of how the counters
         prevented Whitaker from full and equal access to the Tesla facility.
21        The complaint failed to answer basic questions: Were the service
         counters too low? Or too high? Were they positioned in an area that
22        was inaccessible for another reason? Without this sort of factual
         detail, the district court and Tesla were left in the dark about how the
23        service counters denied Whitaker from full and equal enjoyment of
         the premises.
24

25  *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021).  The unpublished companion

26  cases to *Tesla* that Surf & Turf cites also rest on a failure to identify any particular deficiency

27  beyond facilities that were not "accessible."  *See Whitaker v. Pan. Joes Invs. LLC*, 840 F. App'x

28  961 (9th Cir. 2021); *Whitaker v. Body, Art & Soul Tattoos L.A., LLC*, 840 F. App'x 959 (9th Cir.

United States District Court
Northern District of California

4

1    2021).  The Court has reviewed Whitaker's complaints in each of those cases, none of which

2    identify a deficiency beyond the defendants' failure "to provide accessible sales counters" or

3    "accessible dining surfaces."  *Whitaker v. Pan. Joes Invs. LLC*, No. 2:19-cv-09676-DSF-SS, ECF

4    Doc. No. 1 (Compl.) ¶ 11 (C.D. Cal. Nov. 12, 2019); *Whitaker v. Body, Art & Soul Tattoos L.A.,*

5    *LLC*, No. 2:19-cv-08781-AB-E, ECF Doc. No. 1 (Compl.) ¶ 11 (C.D. Cal. Oct. 12, 2019);

6    *Whitaker v. Tesla Motors, Inc.*, No. 2:19-cv-06605-MWF-E, ECF Doc. No. 1 (Compl.) ¶ 11 (C.D.

7    Cal. July 30, 2019).

8         Here, Whitaker has provided more: he asserts not only that Surf & Turf "failed to provide

9    wheelchair accessible dining surfaces in conformance with the ADA Standards as it relates to

10   wheelchair users like [Whitaker]," Compl. ¶ 10, but goes on to allege that a "problem that [he]

11   encountered was the lack of sufficient knee or toe clearance under the outside dining surfaces for

12   wheelchair users," *id.* ¶ 12.  Unlike in *Tesla*, Surf & Turf is not "left in the dark" as to whether

13   Whitaker believes its tables were too low, too high, or in an inaccessible area.  *Cf.* 985 F.3d at

14   1177.  He has alleged a particular violation of requirements specifically addressed in the ADA

15   Standards for Accessible Design.[2]  Surf & Turf asserts that this allegation is a mere legal

16   conclusion that the Court should disregard under *Iqbal* and *Twombly*, but cites no authority so

17   holding where a plaintiff has alleged noncompliance with a particular accessibility requirement

18   subject to specific, measurable standards.

19        In this Court's view, Whitaker's allegation of insufficient knee and toe clearance is a

20   factual allegation entitled to be taken as true.  Surf & Turf is correct that Whitaker has not

21   specified whether the purported lack of clearance arose from too-low tables, some barrier under

22   the tables, or insufficient width, but the knee and toe clearance requirements are straightforward

23   standards governing only a handful of required dimensions that can easily be measured.  Whitaker

24   has alleged insufficient space under Surf & Turf's tables to meet those standards.  Requiring more

25   specific allegations than that would transcend *Iqbal*'s plausibility standard and instead resemble

26

27   ───────────────
     [2] *See* U.S. Dep't of Justice, 2010 ADA Standards for Accessible Design, § 306: Knee and Toe
     Clearance, *available at*

28   https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1006220; *see
     also id.* § 902.2 (requiring compliant knee and toe clearance for dining surfaces).

United States District Court
Northern District of California

the particularity of Rule 9(b), which does not apply to this case.  If Surf & Turf believes its tables comply with the knee and toe clearance standards, that is likely a simple matter for summary judgment, but it is not a basis to dismiss under Rule 12(b)(6).  Surf & Turf's motion to dismiss under that rule is DENIED.

### B.    Motion to Dismiss Unruh Act Claim for Lack of Jurisdiction

#### 1.    Legal Standard

When a federal court has original jurisdiction over a claim, then the court 'shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . .'"  *Johnson v. United Rentals Nw., Inc.*, No. 2:11-cv-00204-JAM, 2011 WL 2746110, at *1 (E.D. Cal. July 13, 2011) (quoting 28 U.S.C. § 1367(a)).  State claims are part of the same case or controversy as federal claims "'when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.'"  *Kuba v. 1–A Agric. Ass'n*, 387 F.3d 850, 855–56 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.2d 923, 925 (9th Cir. 2003)).

Supplemental jurisdiction is mandatory unless prohibited by § 1367(b),[3] or unless one of the exceptions in § 1367(c) applies.  *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1028 (S.D. Cal. 2017).  Under § 1367(c), a district court may "decline supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

A district court's discretion to decline to exercise supplemental jurisdiction over state law "is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'"  *Acri v.*

---

[3] 28 U.S.C. § 1367(b) applies to civil actions of which a district court has original jurisdiction founded solely on 28 U.S.C. § 1332 (diversity jurisdiction).  Because the Court's jurisdiction over this controversy is founded on 28 U.S.C. § 1331 (federal question jurisdiction), § 1367(b) is inapplicable.

United States District Court
Northern District of California

1    *Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *United Mine Workers*

2    *v. Gibbs*, 383 U.S. 715, 726, (1966)).  A court may decline to exercise supplemental jurisdiction

3    under § 1367(c) "under any one of [the statute's] four provisions."  *San Pedro Hotel Co., Inc. v.*

4    *City of Los Angeles*, 159 F.3d 470, 478–79 (9th Cir. 1998).  When dismissing a state-law claim

5    pursuant to § 1367(c)(1)–(3), a district court need not state its reason for dismissal.  *Id.*  If a

6    district court declines to exercise supplemental jurisdiction under § 1367(c)(4), however, the court

7    must "articulate why the circumstances of the case are exceptional."  *Exec. Software N. Am., Inc.*

8    *v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't*

9    *of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1095 (9th Cir. 2008).  The Ninth Circuit has

10    cautioned that declining supplemental jurisdiction based on § 1367(c)(4) should be the exception,

11    not the rule.  *Id.* at 1558.

12    **2.**        **Supplemental Jurisdiction Is Appropriate**

13        The Court recognizes that district courts have disagreed as to whether supplemental

14    jurisdiction is appropriate for Unruh Act claims seeking damages based on ADA violations,

15    particularly in cases brought by frequent litigants who would be subject to heightened procedural

16    requirements in the California state courts.  *Compare*, *e.g.*, *White v. Wisco Restaurants, Inc.*, No.

17    17cv103-L(JMA), 2018 WL 1510611, at *4 (S.D. Cal. Mar. 27, 2018) (exercising supplemental

18    jurisdiction and denying a motion to dismiss), *with Schutza v. Cuddeback*, 262 F. Supp. 3d 1025,

19    1029–32 (S.D. Cal. 2017) (declining to exercise supplemental jurisdiction based on the court's

20    conclusions that an Unruh Act claim substantially predominated over an ADA claim and that

21    forum shopping by a frequent plaintiff established exceptional circumstances).

22        This Court has previously addressed the issue in detail and held that supplemental

23    jurisdiction is appropriate under substantially similar circumstances.  *See Castillo-Antonio v.*

24    *Hernandez*, No. 19-cv-00672-JCS, 2019 WL 2716289, at *6–9 (N.D. Cal. June 28, 2019).  As

25    discussed in that case, a plaintiff need not sacrifice their right to a federal forum for their ADA

26    claim to pursue a parallel Unruh Act claim, nor must they litigate these two nearly identical claims

27    in separate forums.  Nothing in Surf & Turf's briefs alters that conclusion.  Moreover, contrary to

28    Surf & Turf's assertion that "California's clear legislative objectives" support declining

7

United States District Court
Northern District of California

1   jurisdiction, *see* Reply (dkt. 17) at 5, Surf & Turf offers no legislative history or other authority

2   showing that California intended its heightened requirements for frequent litigants to shield

3   businesses from litigation (which might support Surf & Turf's position) rather than to reduce

4   congestion in the state courts (which might render such intent neutral as to the issue at hand, or

5   even support allowing such claims to proceed instead in federal court). *See Castillo-Antonio*,

6   2019 WL 2716289, at *9 n.7. Surf & Turf's motion to dismiss Whitaker's Unruh Act claim for

7   lack of jurisdiction is DENIED for the reasons stated in *Castillo-Antonio*.

8       **C.    Motion to Strike**

9       A party may move the court to "strike from a pleading an insufficient defense or any

10  redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of

11  a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from

12  litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v.*

13  *Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). "Motions to strike are

14  generally regarded with disfavor because of the limited importance of pleading in federal practice,

15  and because they are often used as a delaying tactic." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595

16  F. Supp. 2d 1102, 1106 (C.D. Cal. 2008). "Ultimately, whether to grant a motion to strike lies

17  within the sound discretion of the district court." *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, No. 13-

18  CV-03679-LHK, 2014 WL 46553, at *3 (N.D. Cal. Jan. 6, 2014) (citing *Whittlestone*, 618 F.3d at

19  973).

20      Surf & Turf asks the Court to strike Whitaker's Unruh Act claim under Rule 12(f) because

21  it would be subject to a motion to strike under section 425.50(b)(1) of the California Code of Civil

22  Procedure.[4] Mot. at 9–10. As district courts within the Ninth Circuit have repeatedly held, state

23  pleading requirements for disability discrimination claims do not apply in federal court because

24  such requirements are procedural in nature and conflict with the Federal Rules of Civil Procedure.

25  *See, e.g.*, *Johnson v. Mariani*, No. 17-cv-01628-BLF, 2017 WL 2929453, at *3 (N.D. Cal. July 10,

26  2017); *see generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Requiring Whitaker to

27

28  [4] Surf & Turf erroneously cites this section as appearing in the California Civil Code, rather than
    the Code of Civil Procedure. *See* Mot. at 10.

8

comply with California's procedural requirements by striking his state law claim based solely on the fact that it would face different procedural barriers in state court would violate the doctrine of *Erie*.  The motion to strike is DENIED.

## IV.    CONCLUSION

For the reasons discussed above, the motion to dismiss and strike is DENIED.

**IT IS SO ORDERED.**

Dated: August 5, 2021

_____

JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California